JS-6 – O

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-8501 AHM (CTx) | Date | November 20, 2009 |
|---|---|---|---|
| Title | U.S. NATIONAL BANK ASSOCIATION v. JOSE JUAN GARCIA et al. | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | | |
|---|---|---|---|
| Stephen Montes | Not Reported | | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |
| Attorneys **NOT** Present for Plaintiffs: | Attorneys **NOT** Present for Defendants: | | |

**Proceedings:**    IN CHAMBERS (No Proceedings Held)

On October 5, 2009, Plaintiff U.S. Bank National Association, as Trustee ("U.S. Bank") filed this action for unlawful detainer against Defendant Jose Juan Garcia ("Garcia") in Los Angeles Superior Court. On November 18, 2009, Garcia filed a Notice of Removal, alleging the existence of both federal question and diversity jurisdiction.

A federal court must determine its own jurisdiction even if there is no objection to it. *Rains v. Criterion Sys., Inc.,* 80 F.3d 339 (9th Cir. 1996). Jurisdiction must be determined from the face of the complaint. *Caterpillar, Inc. v. Williams,* 482 U.S. 386 (1987). A federal court has jurisdiction over claims "arising under" federal law. 28 U.S.C. § 1331. The federal question must be clear from the well-pleaded complaint; a responsive pleading such as a counterclaim, cross-claim, or third-party claim cannot form the basis for federal question jurisdiction. *Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826 (2002); *see also* 2 Schwarzer, Tashima & Wagstaffe, *Cal. Prac. Guide: Fed. Civ. Pro. Before Trial* § 704.5 (The Rutter Group 2004). A court may *sua sponte* remand a case to state court for lack of subject matter jurisdiction without briefing or hearing if the lack of jurisdiction is clear. *Cooper v. Washington Mut. Bank*, 2003 WL 1563999 (N.D. Cal. 2003); 2 Schwarzer, Tashima & Wagstaffe, *Cal. Prac. Guide: Fed. Civ. Pro. Before Trial* § 1092 (The Rutter Group 2004). The removal statute is strictly construed against removal and the burden of establishing jurisdiction in the federal forum rests on the party invoking the statute—here, Garcia. *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988).

In this case, Garcia has not established the existence of either federal question or diversity jurisdiction.

JS-6 – O

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-8501 AHM (CTx) | Date | November 20, 2009 |
|---|---|---|---|
| Title | U.S. NATIONAL BANK ASSOCIATION v. JOSE JUAN GARCIA et al. | | |

The Complaint does not present a federal question. U.S. Bank seeks possession of Garcia's property pursuant to California law. Complaint ¶¶ 4, 8. The claims asserted in the Complaint do not "arise under" federal law merely by virtue of paragraph seven's reference to the "Protecting Tenants at Foreclosure Act of 2009." *See Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.*, 545 U.S. 308, 314 (2005) (whether a state-law claim "arises under" federal law depends on a number of factors including whether the claim "*necessarily* raise[s] a stated federal issue") (emphasis added).

Nor does diversity jurisdiction exist. Although the Notice of Removal states that Garcia "believe[s] that the amount of controversy exceeds $75,000," the Complaint clearly states that the amount sought "does not exceed $10,000." Moreover, Garcia alleges his own state of residence, but does not allege his state of domicile or U.S. Bank's citizenship. Thus, the requirements of diversity jurisdiction are not met. *See* 28 U.S.C. § 1332.

Even if this Court did have jurisdiction, Garcia's Notice of Removal was untimely. A "notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading . . . or within thirty days after the service of the summons . . . ." 28 U.S.C. § 1446(b). The date on which the removal period commences is the date on which a defendant receives a copy of the complaint. *See, e.g.*, *Teitelbaum v. Soloski*, 843 F.Supp. 614, 615 (C.D. Cal. 1994). Garcia was served with the Complaint on October 6, 2009 (*see* Notice of Removal, Exh. 1) but he did not file the Notice of Removal until November 18, 2009.

Accordingly, the Court *sua sponte* REMANDS the claims to Los Angeles County Superior Court.

This Order is not intended for publication or for inclusion in the databases of Westlaw or LEXIS.

|  | : |
|---|---|
| Initials of Preparer | SMO |

**JS-6**